FIL...

05 APR 25 AM 11: 1

ROBERT R. DI... C..IO
CLERK, U.S. DI... CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BRIGITTE FLACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 04-2455 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF REMAND

Pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and in light of the Commissioner's motion to remand this action, this case is hereby remanded pursuant to sentence four of 42 U.S.C. § 405(g). Upon remand, the administrative law judge ("ALJ") will issue a new decision and do the following:

1. Reconcile the difference between Dr. Cole's findings and his residual functional capacity finding;

2. Re-evaluate the opinion of Dr. Baker, Plaintiff's treating psychiatrist, citing to specific evidence of record to support his opinion regarding the weight to be given to Dr. Baker's opinion. If the ALJ believes that Dr. Baker has not properly interpreted the meaning of the word "marked" in his findings, he should recontact him and clarify this issue. See 20 C.F.R. § 416.912(e). Even if Dr. Baker's opinion is not entitled to controlling weight, the ALJ should consider what weight the opinion is entitled to using the factors contained in 20 C.F.R. § 416.927;

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 4-25-05



3. The ALJ will update the record by requesting the treating and examining sources, including Drs. Cole and Baker, submit additional evidence and further clarification of their opinions, including medical source statements, about what Plaintiff can still do despite her impairments;

4. The ALJ will further evaluate Plaintiff's mental impairments in accordance with 20 C.F.R. § 416.920a and provide sufficient rationale for the findings made in his decision, and in so doing, he should further evaluate all of the evidence of record;

5. The ALJ will obtain evidence from a medical expert to clarify the nature and severity of Plaintiff's impairments;

6. The ALJ will obtain testimony from a vocational expert.

Based on the foregoing, this Court hereby enters a judgment reversing the decision of the ALJ and remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). See Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157 (1991); Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625 (1993). Upon remand, the Commissioner shall take action consistent with this order.

SO ORDERED this 24 day of April, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT COURT JUDGE

2

CONSENTED TO AND APPROVED BY:

*Lester Wener* By JAD
By Consent
LESTER WENER
Attorney for Plaintiff
100 N. Main Building, Suite 1234
Memphis, Tennessee 38103


TERRELL L. HARRIS
United States Attorney

By _____
Joe A. Dycus (#008730 Tennessee)
Assistant United States Attorney
167 N. Main Street, 8th Floor
Memphis, Tennessee 38103
(901) 544-4231

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 2:04-CV-02455 was distributed by fax, mail, or direct printing on April 25, 2005 to the parties listed.

---

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Lester T. Wener
MCWHORTER & WENER
100 N. Main Street
Ste. 1234
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT